Curia, per
Coícock, J.
By the act of 1788, something like a regular system was attempted to be established in relation to the roads of the state, and the Commissioners are authorised and required to lay out, make and keep in repair, all such high roads, private paths, &c. as shall have been, or shall be established by law, or as they shall judge necessary in their several parishes; and in order to effect these objects very extensive powers and authority are given to them; all of which are recognized and many of them even extended by various subsequent acts; as the act of 18- which authorizes them to stop up such roads as they shall deem useless, (a) Under these general powers, there can be no doubt, that they have the authority on sufficient grounds to change the direction of a road for a short distance, particularly when the alteration is at the request of the individual through whose land the road runs, and where it is productive of no great ineonveni- *7 enee; aixd this power is daily exercised by them, even with i’egard to the high roads. Suppose a road should become impassable and it should be difficult and expensive to repair it, can it be conceived, that the Commissioners could not with the consent of the owner of the soil, turn the road through a higher or more eligible spot; or if in establishing a neighbourhood road, they should at first run it through the only spot which was fit for a settlement, would it be proper to compel the owner to abandon this site and build in an inconvenient part of his land, rather than give the road a direction to the right or left. There are few of the public functionaries of this country vested with such extensive authority as the Commissioners of Roads, and it is, therefore, their duty, at all times, to exercise their powers with a due regard to the rights of individuals. The road in question is a neighbourhood road not often used by more than two or three persons. It did pass directly through the yard of Mr. Screven, and thereby subjected him to great inconvenience; it is now turned a short distance around his fence, and according to the report of the last committee appointed by the Board of Commissioners, is in good repair and has been made so by the owner of the land; and now, by the work of those who are liable to work on it, can be kept in repair. The evidence sufficiently established the jurisdiction of the Commissioners; for although the first entry, of 1747, which is referred to, cannot now be found in the books of the Commissioners, it has long been considered as a public road and worked on as such, and is such a road as the Commissioners have authority over.

Motion dismissed.

 The Reporter has examined the acts, but cannot find that to which his honor alludes.